On March 10, 1995, the Stark County Grand Jury indicted appellant, Richard Perdue, on one count of rape in violation of R.C. § 2907.02, two counts of sexual battery in violation of R.C. § 2907.03. The charges arose from incidents involving his stepdaughter.
On March 31, 1982, appellant pled guilty to the charges. By judgment entry filed March 31, 1982, the trial court sentenced appellant to a total aggregate indeterminate term of five to twenty-five years in prison.
On May 22, 2000, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed May 24, 2000, the trial court classified appellant as a "sexual predator."
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III
This court has previously reviewed these arguments in State v. RoyceAlbaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein. See also, State v. Williams (2000), 88 Ohio St.3d 513.
Assignments of Error I, II and III are denied.
 IV
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. §2950.09(B)(3). We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. § 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. § 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court had before it the indictment, appellant's plea and sentencing, appellant's statements given to police and an institutional summary report. The indictment alleged appellant engaged in sexual conduct with his stepdaughter. In his statements, appellant admitted to engaging sexual conduct with his stepdaughter from April, 1979 to November, 1981. See, State's Exhibit 3. The stepdaughter was between eleven and thirteen years of age at that time. The sexual conduct, which included among other things, oral sex and intercourse, continued over a period of approximately two and a half years and resulted in the stepdaughter's pregnancy and subsequent abortion. Appellant pled guilty to these crimes on March 31, 1982.
The trial court, made the following findings on the record at the hearing: the appellant's age at the time of conduct; the young age of the victim at the time of the conduct; the age differences between the appellant and the victim; the stepfather-stepdaughter relationship; as well as the fact that the conduct occurred numerous times over a period of more than two years.
Based upon our review of the record, we find the trial court's conclusion in determining appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 _______________ Boggins, J.
Hoffman, P.J. and Farmer, J. concur.